UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No.:** |
| v. | **Violation:** |
| **LAFONDA LEWIS,** | 41 U.S.C. § 2102 (Procurement Integrity Act) |
| **Defendant.** | **Criminal Forfeiture:**<br>18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c);<br>21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that at all relevant times:

1. Defendant LaFonda Lewis was a Supervisory Contract Oversight Specialist at the United States Department of Housing and Urban Development ("HUD"). Lewis has been employed by HUD since 1990.

2. Charles Thomas was the sole owner and president of Company A. Company A was a for-profit corporation incorporated in Maryland. Company A provided information technology services to agencies of the federal government and educational services to public school children in the Washington, D.C. metropolitan area. Company A had offices in the District of Columbia and Virginia and dozens of employees.

## COUNT ONE
### (Procurement Integrity Act)

3. The allegations set forth in paragraphs one and two of this Information are re-alleged and incorporated by reference herein.

4. On or about August 22, 2013, in the District of Columbia and elsewhere, defendant LaFonda Lewis, who was a present official of the United States Government, and by

1

virtue of that office, employment, and relationship, had access to contract bid and proposal information, and source selection information, knowingly disclosed said information before the award of a federal procurement contract to which the information related, to wit: the Performance Work Statement and Independent Government Cost Estimate for a pending HUD contract.

**(Procurement Integrity Act, in violation of Title 41, United States Code, Section 2102)**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $23,055.83.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

                        JESSIE K. LIU
                        UNITED STATES ATTORNEY

By: _____
      Peter C. Lallas
      Assistant United States Attorney
      New York Bar No. 4290623
      555 4th Street, N.W.
      Washington, D.C.  20530
      (202) 616-2546
      Peter.Lallas2@usdoj.gov